**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **Motista LLC** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:21-cv-00292-JRG** |
| | ) | |
| **Ernst and Young US LLP,** | ) | |
| **Ernst and Young LLP,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' MOTION TO MAINTAIN STAY**

The arbitration agreement at issue carves out from arbitration any "claim seeking solely injunctive relief," and a limitation-of-remedies provision states that the "arbitration panel shall have no power to award nonmonetary or equitable relief of any sort." ECF No. 14-6 at 7. Notwithstanding that Motista's complaint in this lawsuit seeks "solely injunctive relief," EY filed a wholly groundless motion to compel arbitration and took the position that Motista's injunction-only claims were arbitrable.  ECF No. 14 at 16. The arbitration panel—pursuant to the express delegation clause in the arbitration agreement—confirmed what was patently obvious to all: The arbitration agreement was "unambiguous" in creating "a clear carveout of jurisdiction excluding the arbitration of claims seeking solely injunctive relief," and "the provision on limitation of remedies also unambiguously deprives the tribunal of the authority to award equitable or non-monetary relief." ECF No. 26-1 at ¶¶ 20-21. Thus, the arbitration panel ruled that "the district court [this Court] has jurisdiction over any claims for injunctive relief." ECF No. 26-1 at ¶ 32. In asking this Court to continue the stay until the arbitration is concluded, EY makes four arguments.  None has merit.

*First*, EY argues that the Fifth Circuit "has repeatedly emphasized that courts should stay district court proceedings pending resolution of overlapping arbitration proceedings." ECF No. 29 at 5. EY then cites a number of inapposite cases involving *permanent* injunctions, but the present issue is Motista's request to lift the stay to allow it to seek a *preliminary* injunction. The United States Courts of Appeals have nearly uniformly held that "a district court has discretion to grant injunctive relief to preserve the status quo pending arbitration." *N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, No. 4:17-CV-00062, 2017 WL 2402579, at *4 (E.D. Tex. June 2, 2017). *See infra* pp. 4, 5-7 (citing cases). Without such power, these courts reason, arbitration would become a "hollow formality." *Id.* at *10 (cleaned up). Regardless of the arbitration panel's ultimate ruling, only this Court can grant injunctive relief, which is the *sole* relief that Motista seeks. Because Motista may seek preliminary injunctive relief from this Court or no one, the Court should exercise its discretion to lift the stay.

*Second*, EY argues repeatedly that Motista has failed to pursue an injunction in the two years since EY abruptly terminated discussions (after having milked Motista dry of all its trade secrets). But this argument goes to the merits—namely, that Motista is allegedly not entitled to a preliminary injunction due to its delay. Motista will fully address this "delay" argument at the preliminary injunction hearing. But the present issue is not whether Motista is *entitled* to a preliminary injunction but whether the stay should be lifted to allow Motista to *prosecute* its claim to that injunction.

*Third*, EY argues that "the Court will need to take up the jurisdictional issue before considering Motista's request for expedited discovery." ECF No. 29 at 7. But an express Local Rule of this Court provides otherwise, and the Court retains the inherent authority to control its docket, including whether to allow merits discovery while a motion to dismiss is pending.

*Fourth*, EY argues that allowing duplicative proceedings in arbitration and court would "result in inefficiency, chaos, and inconsistent decision[s]." ECF No. 29 at 2, 6-7. But EY omits that the arbitration panel already rejected this argument in finding that the parties agreed to concurrent jurisdiction even though it may be inefficient and lead to piecemeal litigation. ECF No. 26-1 at ¶ 22.

As the arbitration panel made clear, only this Court is empowered to grant injunctive relief. Notwithstanding the Herculean efforts that EY has exerted to avoid having this Court hear Motista's claim for a preliminary injunction, EY has failed. Motista is entitled to its day in court. Motista has not asserted a claim for monetary damages in court or arbitration, yet the arbitration panel rested its jurisdiction to hear the merits of the parties' dispute solely upon EY's mirror-image declaratory-judgment "counterclaims" that EY does not owe monetary damages to Motista. ECF No. 26-1 at ¶ 27. If the Court were to grant EY's motion and maintain the stay, Motista would be forced to arbitrate a speculative claim that it has never asserted (monetary damages) while being denied the opportunity to litigate the only claim that it has actually asserted (injunctive relief). EY cites no case that would support such a bizarre and inequitable result.

## I.     ARGUMENT

### A.     EY relies primarily on inapplicable law regarding permanent injunctions and fails to address relevant law regarding preliminary injunctions.

EY fails to cite *any* decision of the Fifth Circuit (or any court whatsoever) addressing the question presented here: whether a district court may, to preserve the status quo pending arbitration, entertain a motion for a preliminary injunction. The Fifth Circuit addressed that question in *Janvey v. Alguire*, 647 F.3d 585 (5th Cir. 2011). In *Janvey*, the district court entered a preliminary injunction to preserve the status quo while the motion to compel arbitration was pending. 647 F.3d at 593. The defendant asserted that the motion to compel arbitration stripped

the court of its power to grant an injunction. *Id*. at 592. The Fifth Circuit affirmed the district court and held that that a district court "can grant preliminary relief before deciding whether to compel arbitration." *Id.* at 593.[1]

Here, the procedural posture is different than in *Janvey* and creates an even more powerful argument in favor of this Court's ability to enter a preliminary injunction while the arbitration is pending. In the present case, the arbitration panel has ruled that it does not have jurisdiction to hear Motista's claim for injunctive relief and that only this Court has jurisdiction. Thus, the issue that was open in *Janvey*—whether the claims at issue were arbitrable—has been answered in Motista's favor here: Motista's claims for injunctive relief are not arbitrable. Thus, the Fifth Circuit's holding in *Janvey* that it was proper for the district court to enter a preliminary injunction while the arbitration issue was undecided necessarily means that it would be proper for this Court to enter a preliminary injunction given that the arbitration panel has concluded that decision rests solely with this Court.

*Janvey* is no outlier: "[W]ith the exception of the Eighth Circuit, all courts of appeals to address the issue have concluded that 'notwithstanding a provision that all disputes will be settled by arbitration, a court has authority to issue a preliminary injunction pending arbitration.'" *Gen. Mills, Inc. v. Champion Petfoods USA, Inc.*, No. 20-CV-181 (KMK), 2020 WL 915824, at *5 (S.D.N.Y. Feb. 26, 2020) (cleaned up).[2]

---

[1] What's more, *Janvey*'s reasoning applies equally to whether a court grants preliminary injunctive relief before or after compelling arbitration. As the court noted, "the congressional desire to enforce arbitration agreements would frequently be frustrated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration and, *ipso facto*, the meaningfulness of the arbitration process." 647 F.3d at 595 (cleaned up).

[2] EY cites *Harvey v. Joyce*, 199 F.3d 790 (5th Cir. 2000), and *Waste Management, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339 (5th Cir. 2004). ECF No. 29 at 5. Yet these cases merely recite the general rule that the Federal Arbitration Act limits a district court's ability to continue litigation while arbitration is pending. *See, e.g.*, *id.* at 341-42. The statute does not

Even under the narrowest view of a federal court's ability to issue an injunction pending arbitration, courts retain the ability to do so "until an arbitration panel is appointed and *can act on applications for such relief.*" *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 870 F. Supp. 2d 441, 452-53 (S.D. Tex. 2012) (emphasis added). As explained, the arbitration panel here has concluded that it *cannot act on any such application.* Because only this Court can act on an application for a preliminary injunction, a stay is therefore improper. *North American Deer Registry*, a decision of this Court, presented a materially identical situation because there, as here, "[i]njunctive relief [did] not fall within the scope of the arbitration clause," and "the [c]ontract [did] not provide any means by which the arbitrator could resolve a dispute as to the non-contract claims." 2017 WL 2402579, at *4. Here, however, the panel *cannot* preserve the status quo. EY's limitation-of-remedies provision, in the panel's words, "unambiguously precludes the Tribunal from awarding non-monetary or equitable relief under any circumstances." ECF No. 26-1 at ¶ 21. "Put simply," therefore, "if the [C]ourt is unable to order injunctive relief, arbitration may become moot because the harm to [Motista] would be beyond repair." *See N. Am. Deer Registry*, 2017 WL 2402579, at *4.

EY cites district-court cases for the proposition that a court may not entertain claims for injunctive relief during the pendency of arbitration. *See* ECF No. 29 at 5-6. The problem? None of these cases clearly involved *preliminary* injunctions.[3] Nor could they have, as the regional circuits

---

address the specific question here relating to preliminary injunctive relief. *See, e.g.*, *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1053 (2d Cir. 1990) ("Neither Section 4 nor any other section of the FAA precisely addresses the issue before us. The fact that the statute posits a situation where the district court would have jurisdiction in the absence of an agreement to arbitrate does not preclude us from holding that a court retains sufficient jurisdiction to issue an injunction pending arbitration when such an agreement is present.").

[3] *See Plump Eng'g, Inc. v. Westshore Design Engineers, P.C.*, No. 118CV00027BKSDJS, 2018 WL 3730168, at *1 (N.D.N.Y. Aug. 6, 2018) (permanent injunction); *Johnson Controls, Inc. v. Guilford Mills, Inc.*, No. 05-71302, 2005 WL 8155209, at *4 (E.D. Mich. July 19, 2005)

governing each of these district courts have all adopted the rule that governs here. *See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) ("Because we conclude that neither the text of the FAA nor the policies underlying it warrant a departure from our holdings culminating in *Roso–Lino Beverage Distributors, Inc. v. Coca–Cola Bottling Co.*, we find that the district court had jurisdiction to issue the injunction pending arbitration."); *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1380 (6th Cir. 1995) ("After a thorough review of the relevant case law, we adopt the reasoning of the First, Second, Third, Fourth, Seventh, and arguably the Ninth, Circuits and hold that in a dispute subject to mandatory arbitration under the Federal Arbitration Act, a district court has subject matter jurisdiction under § 3 of the Act to grant preliminary injunctive relief provided that the party seeking the relief satisfies the four criteria which are prerequisites to the grant of such relief. We further conclude that a grant of preliminary injunctive relief pending arbitration is particularly appropriate and furthers the Congressional purpose behind the Federal Arbitration Act, where the withholding of injunctive relief would render the process of arbitration meaningless or a hollow formality because an arbitral award, at the time it was rendered, 'could not return the parties substantially to the status quo ante.'" (cleaned up)); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Salvano*, 999 F.2d 211, 214 (7th Cir. 1993) ("We agree with [the movant] . . . that the weight of federal appellate authority recognizes some equitable power on the part of the district court to issue preliminary injunctive relief in disputes that are ultimately to be resolved by an arbitration panel.");

---

(permanent injunction); *Gilbert v. Dell Techs., Inc.*, 415 F. Supp. 3d 389, 392 (S.D.N.Y. 2019) (permanent injunction); *Wisconsin v. Ho-Chunk Nation*, 564 F. Supp. 2d 856, 859 (W.D. Wis. 2008) (unspecified injunction); *McKinney v. Cmty. Health Sys., Inc.*, No. CIV-20-00365-PRW, 2020 WL 7082713, at *2 (W.D. Okla. Dec. 3, 2020) (unspecified injunction). *Jones v. Halliburton Co.*, 625 F. Supp. 2d 339 (S.D. Tex. 2008), *aff'd and remanded*, 583 F.3d 228 (5th Cir. 2009), and *Qualls v. EOG Res., Inc.*, No. CV H-18-666, 2018 WL 2317718, at *1 (S.D. Tex. May 22, 2018), involved no claims for injunctive relief at all.

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton*, 844 F.2d 726, 727 (10th Cir. 1988) ("[W]e hold a preliminary injunction preserving the status quo until the arbitration panel takes jurisdiction does not violate § 3.").

The Court's power to grant preliminary injunctive relief is especially important under these facts. As Motista has long argued, EY's motion to compel arbitration of Motista's injunction claims was "wholly groundless." In this case, Motista seeks (and has sought) solely injunctive relief. ECF No. 7 at 53-54. Under EY's own arbitration agreement, however, EY carved out any "claim seeking solely injunctive relief" and stripped the panel of the power to award "non-monetary or equitable relief of any sort." ECF No. 14-6 at 7. That Motista's claims belong in this Court was obvious from the get-go. Notwithstanding the wholly groundless nature of EY's arbitrability argument, however, EY invoked the express delegation clause to compel arbitration. Before the Supreme Court's decision in *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019), Motista could have defeated that maneuver under the Fifth Circuit's "wholly groundless" doctrine. After the decision, Motista could not. Since *Archer*, courts have rejected defendants' attempts to groundlessly move to compel arbitration *and* inflict harm in the process:

> [W]ithout the possibility of preliminary injunctions, groundless "motions to compel arbitration" would not simply be "frivolous;" they would, rather, be transformed into a frighteningly effective tactical tool for creating a *fait accompli*. On [the defendants'] reading [of *Henry Schein*], a party with an irrelevant arbitrability provision would be free to inflict irreparable harm while filing a groundless motion for arbitration in a tactical scheme to preclude redress. That party would then be entitled to reap the benefits of its bad faith, and the opposing party would be wholly without recourse. This is not a plausible interpretation of *Henry Schein*.

*Gen. Mills*, 2020 WL 915824, at *5.

EY invokes that tactic here. Indeed, this case presents the paradigm example of this improper tactic: Having armed itself with an express delegation clause *and* gutted the arbitration panel's remedial powers to grant injunctive relief, EY groundlessly moved to compel arbitration of EY's claims for injunctive relief *while knowing* the panel would be powerless to preserve the status quo. The law cannot, and does not, allow such brazen conduct. Because the arbitration panel will never act on Motista's motion for preliminary injunctive relief, the Court should grant Motista's motion to lift the stay and deny EY's counter-motion.

### B.    EY prematurely and erroneously injects merits inquiries into the stay inquiry.

The only question now before the Court, on Motista's and EY's competing motions to lift and to continue the stay, respectively, is whether to lift the stay to allow Motista to move for a preliminary injunction. EY's argument that Motista does not face a risk of prejudice is both premature and erroneous. *See* ECF No. 29 at 8-9.

EY argues that Motista will suffer no prejudice because "[i]t has been nearly two years since the parties relationship disintegrated" and a "few additional months will make no difference." ECF No. 29 at 2. EY further assures the Court that "the tribunal's final merits award is expected before the end of the calendar year." *Id*. at 4 n.2. Even if EY's timeline is proved correct, that only addresses the *issuance* of the award. But it fails to address the substantial amount of time that may pass (i) between the award and a decision by the district court whether to confirm or vacate the award and (ii) between the entry of a final judgment by the district court and the resolution of an appeal of the final judgment. Motista firmly believes that the arbitration panel lacks any authority to assume jurisdiction of the parties' dispute and any final award it issues would be subject to vacatur under the Federal Arbitration Act because the panel exceeded its powers. *See* 9 U.S.C. § 10(a)(4). And if Motista is correct, it makes it all the more imperative that it be entitled to a

preliminary injunction while in the parallel proceeding the district court decides whether to confirm or vacate the arbitration award and the appellate court decides whether to affirm or reverse the district court's final judgment.

EY argues that Motista's failure to move for a preliminary injunction both before August 2021, when Motista filed its complaint, and between August 2021 and January 2022, when the Court compelled arbitration, "militates against any claim for injunctive relief." ECF No. 29 at 8. This is facially a merits-based argument on Motista's claim for preliminary injunctive relief that is premature and is not relevant to whether the Court should lift the stay. Whether Motista is entitled to injunctive relief is an issue separate from whether Motista may move for such relief. And by failing to discuss authority empowering the Court to preserve the status quo ante pending arbitration, EY skirts the question presented. Regardless, nothing about Motista moving for such relief now rather than earlier weighs against Motista's claims, and Motista will address this issue in full in connection with its application for a preliminary injunction should the Court lift the stay.[4]

### C. EY incorrectly argues that this Court may not order discovery while its motion challenging personal jurisdiction is pending.

EY argues that the Court "will need to take up the jurisdictional issue before considering Motista's request for expedited discovery." ECF No. 29 at 7. But EY conflates two issues: the

---

[4] As Motista will fully address at the appropriate time, there are several reasons for the delay. *First*, upon terminating discussions in July 2020, EY falsely represented to Motista that it had destroyed all of Motista's confidential information and trade secrets and was not using any of this information. It took Motista months of investigation to determine that EY's representation was false. *Second*, in the time period between Motista filing its lawsuit in August 2021 and EY filing its motion to dismiss and compel arbitration in December 2021, the parties made an earnest, but ultimately unsuccessful, effort to resolve this dispute informally instead of through litigation. *Third*, EY's wholly groundless motion to compel arbitration of Motista's claims for injunctive relief resulted in a delay of seven months between EY's motion to compel arbitration and the arbitration panel's recent order ruling unequivocally that these claims were not arbitrable. Thus, much of the delay (the delay relating to the first and third points) is a direct result of EY's wrongdoing and its unclean hands.

Court's power to *enjoin* EY and the Court's power to *allow* discovery to proceed. Motista does not disagree with a procedure in which the Court first decides whether EY is subject to personal jurisdiction before deciding whether to enjoin EY.[5] But that issue is separate from whether Motista should be permitted to conduct discovery in connection with a future hearing on its request for a preliminary injunction.

EY cites two cases in support of the argument that the Court must first rule on its motion to dismiss for lack of personal jurisdiction before allowing discovery to proceed. ECF No. 29 at 7. But neither case cites authority for a court's need to adjudicate personal jurisdiction before allowing discovery. *See DLR, LLC v. Montoya*, 465 F. Supp. 3d 676, 681 (N.D. Tex. 2020); *Klayman v. Obama*, No. 3:16-CV-2010-L, 2016 WL 5942227, at *6 (N.D. Tex. Oct. 12, 2016). Indeed, *DLR* never says as much. *See* 465 F. Supp. 3d at 679 (granting the motion to dismiss and declining to reach the motion for expedited discovery). And *Klayman*'s pronouncement is inconsistent with its own statement (with authority) that district courts retain "broad discretion in managing their dockets." 2016 WL 5942227, at *6. *Klayman* did nothing more than exercise its discretion. This Court's Local Rules expressly provide that discovery generally continue while a motion to dismiss is pending:

> No Excuses. Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those materials necessary to decide the issue of qualified immunity.

---

[5] To expedite the process, Motista intends next week to seek leave to file its response to EY's motion to dismiss for lack of personal jurisdiction, pending this Court's resolution of the competing motions to lift or to continue the stay. Motista will attach its proposed response to the motion for leave and EY can then begin preparing its reply to the response in the event the Court lifts the stay. As Motista's response will show, EY's jurisdictional argument is extraordinarily weak, and Motista respectfully submits that this Court should be able to rule expeditiously on EY's jurisdictional motion and certainly prior to ruling on Motista's request for a preliminary injunction.

Local Civil Rule 26(a). Consistent with that Rule, EY would have the burden of staying discovery. *See Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17CV126-RWS-CMC, 2018 WL 5728515, at *2 (E.D. Tex. Apr. 25, 2018) ("An order staying discovery should only be issued upon a showing of 'good cause' by the movant."). "In the Fifth Circuit, staying discovery while a motion to dismiss is pending 'is the exception rather than the rule.'" *See id.* (cleaned up, applying this Court's local rule, and denying a motion to stay discovery).

### D.   The arbitration panel expressly rejected EY's argument regarding the inefficiencies of parallel proceedings.

EY takes a second bite at the apple in arguing that the Court should stay its hand because of the "chaos" and risk of inconsistent decisions that would ensue if this dispute proceeded in both arbitration and this Court. *See* ECF No. 29 at 2 ("Duplicative and overlapping discovery in both litigation and arbitration will surely result in inefficiency, chaos, and inconsistent decision, wasting both the Court and party resources. The bargained-for benefits of arbitration would be all but destroyed.").  But EY fails to inform the Court that it made this identical argument to the arbitration panel, which expressly rejected it:

> 22.    Read together, the exception provision and the limitation on remedies provision compel the conclusion that the Parties intended that all disputes about monetary remedies would go to arbitration and all disputes about non-monetary remedies would be resolved in court.  While this provision for concurrent jurisdiction may be inefficient, it is what the Parties agreed and that agreement should be enforced according to its terms, even if that leads to piecemeal litigation.  *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. at 19-20 (federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement); *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217-18 (1985) (the FAA compels arbitration of arbitrable claims even where the result would be the possibly inefficient maintenance of separate proceedings in different forums).

ECF No. 26-1 at ¶ 22.

EY improperly asks this Court to relieve it from the consequences of the arbitration agreement that it alone drafted. But this Court is not at liberty to re-write the contract to EY's liking any more than it was at liberty to do so in the *Archer* case.  *See Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 282 (5th Cir. 2019) (quoting with approval this Court's holding that "the court declined to 're-write the terms of the Parties' [arbitration] agreement to accommodate a party—notably the party that drafted the agreement—that could have negotiated for more precise language'" (cleaned up)).

EY also makes inconsistent arguments with respect to the parallel proceedings.  On the one hand, EY claims that the "documentary evidence" and the "relevant witnesses" are the "same" while, on the other hand, arguing that EY would be prejudiced by the more fulsome discovery allowed in federal court and that "Motista likely would attempt to leverage the discovery it obtained in this litigation in the arbitration, destroying one of the benefits of arbitration." ECF No. 29 at 6-7. As to the prospect of inconsistent judgments, EY suggests that this Court has no meaningful role to play because "[i]f the arbitration tribunal finds that EY is not liable, there will be nothing for this Court to decide because there will be no basis for injunctive relief." ECF No. 29 at 8. Elsewhere, EY inconsistently complains that "proceeding simultaneously risks inconsistent rulings, which would clearly deprive the parties of their bargained-for binding arbitration." ECF No. 29 at 2.[6] At this point, the effect of a ruling by the arbitration panel in this Court or vice versa is unclear as evidenced by EY's own motion. But this ambiguity is the fault of

---

[6] EY ignores that the arbitration panel also found that the parties "bargained for" litigation (not arbitration) for any claims involving solely injunctive relief. Based upon the panel's ruling, Motista is entitled to pursue its litigation-bargained-for claims just as much as EY is entitled to pursue its (what the panel deems to be) arbitration-bargained-for claims.

EY, which, according to the arbitration panel, drafted an arbitration agreement that provided for "concurrent jurisdiction" that "leads to piecemeal litigation." ECF No. 26-1 at ¶ 22.

## II.     CONCLUSION

For these reasons, the Court should deny EY's motion to maintain the stay and should grant Motista's motion to lift the stay.

Dated: July 1, 2022

Respectfully submitted,

**MCKOOL SMITH P.C.**

*/s/ Sam Baxter*

**SAM BAXTER**
sbaxter@mckoolsmith.com
**JENNIFER TRULOVE**
jtrulove@mckoolsmith.com
104 East Houston Street
Suite 300
Marshall, TX 75670
Telephone:      (903) 923-9000
Facsimile:      (903) 923-9099

**GARY CRUCIANI**
gcruciani@mckoolsmith.com
**TRAVIS DEARMAN**
tdearman@mckoolsmith.com
**AVERY R. WILLIAMS**
awilliams@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:      (214) 978-4226
Facsimile:      (214) 978-4044
*Attorneys for Plaintiff Motista, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the CM/ECF system per Local Rule 5.1 and that all interested parties are being served with a true and correct copy of these documents via the CM/ECF system, or by electronic mail, on July 1, 2022.

<u>/s/ *Gary Cruciani*</u>
Gary Cruciani